IN THE

DISTRICT COURT OF THE UNITED STATES

NORTHERN DISTRICT OF CALIFORNIA

No. C-07-04334 WHA

| In re: | ) | Adversary No. 06-4223 |
|---|---|---|
| | ) | |
| | ) | Bankruptcy No. 06-41515 J |
| DON OBERLE | ) | |
| | ) | Involuntary Chapter 7 |
| Debtor | ) | |
| | ) | |
| | ) | |
| DON OBERLE, | ) | |
| | ) | |
| Plaintiff/Appellee | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WHITLEY, et al. | ) | |
| | ) | |
| Defendants/Appellants | ) | |

APPEAL FROM THE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND)

BRIEF FOR APPELLANT

DUANE L. TUCKER (State Bar No. 88199)
Law Offices of Duane L. Tucker
27793 Tampa Avenue
Hayward, CA 94544
Phone: (510) 670-0668
Fax:   (510) 217-3657
tucker@pacbell.net

Attorney for Defendants/Appellants

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | i |
| Jurisdiction | 1 |
| Statement of the Issues | 1 |
| Statement of the Case | 2 |
| Statement of Facts | 2 |
| Argument | 3 |
| Conclusion | 5 |

TABLE OF AUTHORITIES

UNITED STATES CONSTITUTION

U.S.C.A. Const.Amend. 14 .................................................. 1, 4


UNITED STATES SUPREME COURT CASES:

Goldberg v. Kelly, 397 US 254, 90 S.Ct. 1011(1970)......................... 3


STATUTES:

Bankr.Code, 28 U.S.C.A. § 158(a) ......................................... 1

Fed Rules Evid, Rule 607 ................................................. 3

Fed Rules Evid, Rule 611(b) .............................................. 3

Fed Rules Evid, Rule 614 ................................................. 3

## JURISDICTION

Jean Whitley, William Whitley, and John Brosnan, the Defendants/Appellants appeal under 28 U.S.C. § 158(a) from the procedural due process denial by the Bankruptcy Court at the evidentiary prove-up hearing held on July 19, 2007 denying cross-examination. The court ended the hearing by taking the matter under submission and a decision and judgment were entered on August 3, 2007.

## STATEMENT OF THE ISSUES

The issues on appeal are:

First, the court did not let the defendants cross examine the plaintiff to question Exhibits "C" and "D" concerning alleged attorney fees paid (attached hereto as Exhibit "A". This is an abuse of procedural due process in violation of the Due Process Clause of the Fourteenth Amendment in that the defendants were denied their right to confront and cross-examine an adverse witnesses. The plaintiff had requested and was granted several extensions of time in order to come up with this billing information and could only provide Exhibits "C" and "D".

Secondly, Exhibits "C" and "D" do not provide any evidence of services provided to the individual plaintiff nor do these documents provide proper detail billing information to support attorney fees. No court would have allowed a fee application to be paid based on these exhibits.

Finally, the judge was confused by the plaintiffs' testimony and creditability and had no evidence provided by the plaintiff to support an amount for the attorney fees granted. At the beginning of the hearing defendants were told by the judge that they would be able to orally argue and cross-examine. During the hearing they were told that they could cross-examine and argue about the weight of the evidence. At the end of examinations by the

1

APPELLANT'S BRIEF                               No. C-07-04334 WHA

plaintiffs' counsel and the court the court said there would be no cross-examination and closed the hearing.

The court may not like these particular defendants, but it can not be bias.

## STATEMENT OF THE CASE

The Defendants/Appellants were the petitioners under an involuntary chapter 7 petition filed in pro per on August 31, 2006 against Don Oberle. Don Oberle filed an adversary proceeding against the defendants on September 28, 2006.

The court dismissed by order defendant's involuntary chapter 7 petition against Don Oberle on December 12, 2006. The clerk of the court entered the defaults of the defendants in the adversary proceeding, but the court elected to hold a default hearing because of the large amount of damages being claimed by Oberle, some $307,488 including attorneys' fees. The default evidentiary prove-up hearing was held on July 19, 2007. The Defendants/Appellants were for the first time represented by counsel at this hearing. This appeal is about the amount of the attorney fees granted pursuant to the July 19, 2007 hearing and judgment entered on August 3, 2007.

## STATEMENT OF FACTS

1. The Defendants/Appellants were the petitioners under an involuntary chapter 7 petition filed in pro per on August 31, 2006 against Don Oberle.

2. Don Oberle filed an adversary proceeding against the defendants on September 28, 2006.

3. The court dismissed by order defendant's involuntary chapter 7 petition against Don Oberle on December 12, 2006. The clerk of the court entered the defaults of the defendants in the adversary proceeding, but the court elected to hold a default hearing because of the large amount of damages being claimed by Oberle, some $307,488 including attorneys' fees.

2

APPELLANT'S BRIEF            No. C-07-04334 WHA

4. The default evidentiary prove-up hearing was held on July 19, 2007. The Defendants/Appellants were for the first time represented by counsel at this hearing. The court did not allow cross-examination of the witness Don Oberle.

5. Appeal was made to the United States District Court in San Francisco.

This appeal is about the amount of the attorney fees granted pursuant to the July 19, 2007 hearing and judgment entered on August 3, 2007 in the bankruptcy court.

## SUMMARY OF ARGUMENT

The court's action of denying cross-examination is in error.

In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. E.g., Goldberg v. Kelly (1970) 397 US 254, 269-270, 90 S.Ct. 1011, 1021. Cross-examination is, perhaps, the "greatest engine" ever devised for ascertaining the truth. It is also essential to due process of law because it is the most reliable and effective way of testing witness credibility, knowledge and recollection.

The credibility of a witness may be attacked by any party, including the party calling the witness. Fed Rules Evid.Rule 607. Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination. Fed Rules Evid.Rule 611(b).

The court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called. The court may interrogate witnesses, whether called by itself or by a party. Fed Rules Evid.Rule 614.

The court did not let the defendants cross examine the plaintiff to question Exhibits "C" and "D" concerning alleged attorney fees paid (attached hereto as Exhibit "A". This is an

3

APPELLANT'S BRIEF                    No. C-07-04334 WHA

1  abuse of procedural due process in violation of the Due Process Clause of the Fourteenth
2  Amendment in that the defendants were denied their right to confront and cross-examine a
3  adverse witnesses. The plaintiff had requested and was granted several extensions of time
4  (see PACER Docket Report) in order to come up with this billing information and could only
5  provide Exhibits "C" and "D" at the hearing.

6  Exhibits "C" and "D" do not provide any evidence of services provided to the
7  individual plaintiff nor do these documents provide proper detail billing information to
8  support attorney fees. No court would have even allowed a fee application to be paid based
9  on these exhibits.

10  Exhibit "C" at the hearing, for the attorney fees to James D. Schwartz shows that it is
11  billed to a company "Credit Line Financial." Credit Line Financial is a dba of DOSO, Inc.
12  (see Transcript of July 19, 2007 hearing, pages 15-16) a corporation. Judge Jellen in his
13  decision entered on August 3, 2007 stated that the amount of the claimed fees were excessive
14  and that Oberle suffered no damages, that there was not a break down of specific charges and
15  services. The judge then *"based on the available information"* (what ever that may be)
16  determined a reasonable fee. (see Decision entered August 3, 2007 at pages 5-6). Cross-
17  examination would have shown that Exhibit "C" was a business billing and not an individual
18  billing for services to Don Oberle. Why did the court have a evidentiary prove-up hearing if
19  the judge later during submission was going to determine attorney fees based on estimates and
20  not what was presented as evidence (without cross-examination) at the hearing?

21  Exhibit "D" at the hearing, for the attorney fees to Michael Primus appears to be
22  summary of "Card Transactions," what ever that is. It should also be noted that it does not
23  have a name at the top and the address is the address for "Credit Line Financial" and not Don
24  Oberle. It's impossible to determine what Exhibit "D" is without cross-examination. Judge
25  Jellen after submission actually used an amount provided by Don Oberle in an earlier
26  declaration and not what was provided at the hearing (see Decision entered August 3, 2007 at
27  pages 5, lines 6-7 with supporting footnote 3). Again defendants were denied their right to
28  cross-examine to determine what Don Oberle actually had to support attorney fees.

4

APPELLANT'S BRIEF                           No. C-07-04334 WHA

1   Finally, the judge was confused by the plaintiffs' testimony and creditability and had
2   no evidence provided by the plaintiff to support an amount for the attorney fees granted. At
3   the beginning of the hearing defendants were told by the judge that they would be able to
4   orally argue and cross-examine. During the hearing they were told that they could orally
5   argue and cross-examine (see Transcript of July 19, 2007 hearing, page 5, lines 20-22, page
6   12, lines 2 and 25) and argue about the weight of the evidence (see Transcript of July 19,
7   2007 hearing, page 12, lines 8-11). At the end of examinations by the
8   plaintiffs' counsel and the court the court said there would be no cross-examination and
9   closed the hearing (see Transcript of July 19, 2007 hearing, page 29, lines 21-22).

## CONCLUSION

The bankruptcy court may not have like these particular parties, but it can not deny defendants their procedural due process rights in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff/Appellee Don Oberle had his day in court, represented by counsel at all stages and the opportunity to present evidence with specific charges and services to merit the award of attorney fees. The court's decision granting attorney fees is based on an earlier declaration of Don Oberle which was not supported by creditable evidence subject to cross-examination nor even mentioned at the hearing and also based on *"available information"* what ever that may be.

Appeal should be granted and the award of attorney fees disallowed.

Dated: January 24, 2008

_____
Attorney for Defendants/Appellants

5

APPELLANT'S BRIEF                    No. C-07-04334 WHA

**EXHIBIT "A"**

LAW OFFICES OF JAMES G. SCHWARTZ
A Professional Corporation
7901 Stoneridge Drive, Suite 401
Pleasanton, CA 94588
(925) 463-1073

Federal Tax ID No. 94-3272143

|  |  |
|---|---|
| Credit Line Financial | Page: 1 |
| 1390 Willow Pass Road #940 | 06/30/2007 |
| Concord CA 94520 | ACCOUNT NO: 1314-0004M |
|  | INVOICE NO: 10 |

ATTN: Don Oberle

Don Oberle Bankruptcy            CRED-0004

| | | | HOURS | |
|---|---|---|---|---|
| | | | | |
|  | PREVIOUS BALANCE | | | $731.98 |
| 06/12/2007 JDB | >>> REVIEW AND RESUBMIT FOR HEARING ON DEFAULT JUDGMENT | | 0.60 | 120.00 |
| BN | >>> PREPARATION OF NOTICE OF EVIDENTIARY HEARING; CALENDAR SAME; ELECTRONICALLY FILE; PREPARATION OF PROOF OF SERVICE; COPY AND MAIL SAME. | | 0.75 | 67.50 |
| | FOR CURRENT SERVICES RENDERED | | 1.35 | 187.50 |

RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Joshua D. Brysk | 0.60 | $200.00 | $120.00 |
| Bella Nugent | 0.75 | 90.00 | 67.50 |

| | |
|---|---|
| PHOTOCOPIES | 26.75 |
| POSTAGE | 6.44 |
| TOTAL COSTS THRU 06/30/2007 | 33.19 |
| TOTAL CURRENT WORK | 220.69 |
| FINANCE CHARGE | 6.02 |
| BALANCE DUE | $958.69 |

PAST DUE AMOUNTS

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 958.69 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Billing History

| FEES | COSTS | ADVANCES | FINANCE CHARGE | PAYMENTS |
|---|---|---|---|---|
| 16,012.50 | 400.14 | 0.00 | 371.05 | 15,825.00 |

EXHIBIT C

*1390 Willow Pass Road, Suite 940*
*Concord, CA 94520*
*925-938-7773*

## Card Transactions

## 1/1/2006 To 7/19/2007

7/19/2007  
10:32:23 AM

Page 1

| ID# | Src | Date | Memo | Account | Debit | Credit |
|---|---|---|---|---|---|---|
| Law Offices of Michael Primus | | | | *None | Vendor | |
| 07130924 | PJ | 9/19/2006 | Purchase; Law Offices of Mich | 2-1200 | | $1,500.00 |
| 9337 | CD | 9/19/2006 | Payment; Law Offices of Micha | 2-1200 | $1,500.00 | |
| 07131081 | PJ | 11/30/2006 | Purchase; Law Offices of Mich | 2-1200 | | $3,980.00 |
| 9463 | CD | 11/30/2006 | Payment; Law Offices of Micha | 2-1200 | $2,000.00 | |
| 9479 | CD | 12/15/2006 | Payment; Law Offices of Micha | 2-1200 | $1,980.00 | |
| 07131496 | PJ | 2/28/2007 | Purchase; Law Offices of Mich | 2-1200 | | $680.00 |
| 07131423 | PJ | 4/19/2007 | Purchase; Law Offices of Mich | 2-1200 | | $2,700.00 |
| 9668 | CD | 4/19/2007 | Payment; Law Offices of Micha | 2-1200 | $2,700.00 | |
| | | | | | $8,180.00 | $8,860.00 |

EXHIBIT D

**Attorney Certification of Service by Mail**
(Documents Deposited with U.S. Mail)

PROOF OF SERVICE MAIL

Duane L. Tucker certifies:

I am an active member of the State Bar of California and am not a party to this action. My business address is 27793 Tampa Avenue, Hayward, CA 94544. On January 24, 2008, I served the following documents BRIEF FOR APPELLANT on the below named by placing true copy(ies) thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Hayward, California, addressed as follows:

Edward D. Jellen, Judge
U.S. Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

U.S. Bankruptcy Court, Northern District of California, Oakland
1300 Clay Street, Suite 300
P.O. Box 2070
Oakland, CA 94604

US Dept of Justice, Office of US Trustee
1301 Clay Street, Site 690N
Oakland, CA 946912-5217

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 24, 2004

Duane L. Tucker, Esq.

PROOF OF SERVICE