IN THE

DISTRICT COURT OF THE UNITED STATES

NORTHERN DISTRICT OF CALIFORNIA

No. C-07-04334 WHA

| | | |
|---|---|---|
| In re: | ) | Adversary No. 06-4223 |
| | ) | |
| DON OBERLE | ) | Bankruptcy No. 06-41515 J |
| | ) | |
| Debtor | ) | Involuntary Chapter 7 |
| _____ | ) | |
| | ) | |
| DON OBERLE, | ) | |
| | ) | |
| Plaintiff/Appellee | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WHITLEY, et al. | ) | |
| | ) | |
| Defendants/Appellants | ) | |
| _____ | ) | |

APPEAL FROM THE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND)

_____

BRIEF FOR APPELLEE
_____

JOSHUA D. BRYSK (State Bar No. 184200)
Law Offices of James G. Schwartz, P.C.
7901 Stoneridge Drive, #401
Pleasanton, California  94588
Phone:  (925) 463-1073
Fax:     (925) 463-2937
josh@jgschwartz.com
Attorney for Plaintiff/Appellee

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………………………………………….. ii

I. STATEMENT OF FACTS…………………………………………….. 1

II. STATEMENT OF THE CASE…………………………………………. 1

III. STANDARD OF REVIEW…………………………………………….. 1

IV. STATEMENT OF ISSUES…………………………………………….. 2

V. LEGAL ARGUMENT…………………………………………………… 2

    A.    Proper Notice of the Appeal Was Not Given……………………. 2

    B.    Appellants Had No Right to Participate in the Default Hearing, and the Award and Conduct of the Proceeding Was Within the Court's Discretion………………………………………………….. 3

VI. CONCLUSION……………………………………………………………. 4

Law Offices of
JAMES G.
SCHWARTZ
7901 Stoneridge Drive
Suite 401
Pleasanton, CA 94588
(925) 463-1073

**BRIEF FOR APPELLEE**

i

# TABLE OF AUTHORITIES

**CASES**

Clifton v. Tomb, 21 F2d 893, 897 (4th Cir. 1927)..................................................................................2, 3

Pretzel & Stouffer v. Imperial Adjusters, Inc. (7th Cir. 1994) 28 F3d 42, 47................................................1

Thomson v. Wooster, 114 U.S. 104……………………………………………………………...…2, 3

Higgins V Vortex Fishing Sys., Inc., 379 F3D 701 (9TH CIR. 2004)……………………………..…...2, 3

**STATUTES**

Bankruptcy Code § 303(i);……………………………………………………………………..2, 3

Fed. R. Civ. P. 55(b)(2)……………………………………………………………...………………3

**UNITED STATE CONSTITUTION**

U.S.C.A. Const. Amend. 5.……………………………………………………………………….2

Law Offices of
JAMES G.
SCHWARTZ
7901 Stoneridge Drive
Suite 401
Pleasanton, CA 94588
(925) 463-1073

**BRIEF FOR APPELLEE**

ii

## I. STATEMENT OF FACTS

Appellants filed an Involuntary Bankruptcy Petition against Appellee in bad faith. Appellee filed an adversary proceeding for dismissal of the Bankruptcy Petition and for damages. Appellants defaulted to the adversary complaint. The underlying Petition was dismissed by the Court, and the Court held a default hearing to determine the amount of damages. At the hearing, the Court denied an award of damages to Appellee, but granted an award of $7,480 in attorney's fees to Michael J. Primus, Appllee's bankruptcy counsel, for successful defense of the involuntary petition, together with a reduced award of only $2,500 to Law Offices of James G. Schwartz for prosecution of the adversary proceeding. The Court had jurisdiction pursuant to Bankruptcy Code Section 303(i) to award judgment and damages in favor of Appellee, and against Appellant.

Appellants now challenge the attorney fee award.

## II. STATEMENT OF THE CASE

An adversary proceeding was filed for dismissal of the instant bankruptcy based upon its bad faith filing. Appellants defaulted to the complaint in the adversary proceeding. The Court dismissed the bankruptcy, finding that there was ample evidence that the debts alleged in the involuntary petition by Appellants were prima facie unqualified to serve as the basis for an involuntary petition filing. The Appellants having defaulted to the adversary complaint, the Court reviewed Appellee's request for damages and attorney's fees. The Court denied Appellee's request for damages, and reduced the award of attorney's fees for counsel in the adversary proceeding to $2,500, and awarded Appellee's bankruptcy counsel his attorney's fees in the amount of $7,480 for defense of the involuntary petition.

## III. STANDARD OF REVIEW

A Default Judgment is reversible only for an abuse of discretion demonstrated by the appellant. <u>Pretzel & Stouffer v. Imperial Adjusters, Inc.</u> (7th Cir. 1994) 28 F3d 42, 47. After the

**BRIEF FOR APPELLEE**

Page 1

1  dismissal of an involuntary petition in bankruptcy, the Court has discretion whether to award
2  attorney's fees and in what amount. Bankruptcy Code § 303(i); <u>Higgins v Vortex Fishing Sys.,
3  Inc.</u>, 379 F3d 701 (9th Cir. 2004).

### IV. STATEMENT OF ISSUES

No notice of this appeal was given to Michael Primus who served as counsel for Appellee in the underlying Bankruptcy Case, and who is the recipient of the bulk of the attorney fee award challenged on appeal. Thus, if the Court is to review the award, it would do so in violation of the Fifth Amendment rights of Mr. Primus to due process before the taking of his property. <u>U.S.C.A.</u> Const. Amend. 5.

Appellants, having defaulted to the adversary complaint, are without any right to participate further in the litigation. <u>Thomson v. Wooster</u>, 114 U.S. 104; <u>Clifton v. Tomb</u>, 21 F2d 893, 897 (4th Cir. 1927).

Appellants had no rights to presentation of evidence or cross-examination of witnesses at the default hearing, and the Court's decision to disallow it was well within its discretion. <u>See</u> <u>Id.</u>; Bankruptcy Code § 303(i); <u>Higgins v Vortex Fishing Sys., Inc.</u>, 379 F3d 701 (9th Cir. 2004).

### V. LEGAL ARGUMENT

#### A. Proper Notice of the Appeal Was Not Given

No notice of this appeal was given to Michael Primus who served as counsel for Appellee in the underlying Bankruptcy Case, and who is the recipient of the majority of the attorney fee award challenged on appeal. Thus, if the Court is to review the award, it would do so without the participation of Mr. Primus in the litigation, and without even notice to him that his rights would be affected. To disturb the attorney fee award as Appellants request on appeal would be in violation of the Fifth Amendment rights of Mr. Primus to due process before the taking of his property. <u>U.S.C.A.</u> Const. Amend. 5.

Moreover, the adversary proceeding is a separate proceeding. Mr. Primus did not represent Appellee in the adversary proceeding; and counsel herein did not represent Appellee in the involuntary petition proceeding. As Mr. Primus was awarded his fees for representation in

Law Offices of
JAMES G. SCHWARTZ
7901 Stoneridge Drive
Suite 401
Pleasanton, CA 94588
(925) 463-1073

**BRIEF FOR APPELLEE**

Page 2

the involuntary petition proceeding, an appeal without notice to counsel in the involuntary petition proceeding is improper.

### B. Appellants Had No Right to Participate in the Default Hearing, and the Award and Conduct of the Proceeding Was Within the Court's Discretion

Appellants defaulted to the adversary complaint. A party who has a default entered against it is without any right to participate further in the litigation. Thomson v. Wooster, 114 U.S. 104; Clifton v. Tomb, 21 F2d 893, 897 (4th Cir. 1927). Appellants had no rights to presentation of evidence or to cross-examination of witnesses. The conduct of a default hearing is not analogous to a trial. Appellants attempt to import constitutional rights into default hearings would require a fundamental paradigm shift from the long standing rules governing such hearings. In actuality, no rights to participation were taken away from Appellants; Appellants forfeited any rights to participation when they defaulted to the adversary complaint.

Upon their default, the Court had jurisdiction and discretion to enter an award against them and in favor of Appellee. Fed. R. Civ. P. 55(b)(2). It was also within the Court's discretion to enter a default judgment without a hearing at all. Id. Thus, the proffering of an opportunity to cross-examine the witness was merely discretionary on the part of the Court and could be revoked at any time.

In the instant case, the Court reviewed the declaration submitted by Appellee and also conducted a hearing. However, the Court denied Appellee's request for damages outside of attorney's fees and reduced the attorney's fees requested awarding only an amount the Court determined to be reasonable in its discretion. There is no question that the Court has the discretion to determine the amount of attorney's fees to award, Bankruptcy Code § 303(i); Higgins v Vortex Fishing Sys., Inc., 379 F3d 701, and whether to hold a hearing to determine that amount, Fed. R. Civ. P. 55(b)(2).

As the Court did not award any damages aside from those submitted by declaration, it is impossible that Appellant could have been prejudiced by the denial of cross-examination. The Court's award included only the attorney's fees for Mr. Primus, and an amount determined by

Law Offices of
JAMES G. SCHWARTZ
7901 Stoneridge Drive
Suite 401
Pleasanton, CA 94588
(925) 463-1073

**BRIEF FOR APPELLEE**

Page 3

the Court to be reasonable ($2,500) for the prosecution of the adversary proceeding. Even if there were error in denying cross-examination, clearly that error was harmless as the decision was not based solely on the testimony given at the hearing and was discretionary.

## VI. CONCLUSION

The Court had discretion to conduct the default hearing without any participation from Appellants. Michael Primus was not provided proper notice of this appeal, even though the majority of the attorney's fees on appeal were awarded to him. Like the underlying bankruptcy petition filing, Appellants filing of this appeal was done in bad faith. The appeal is without merit and frivolous. It is respectfully submitted that the appeal should be denied and the Appellant awarded attorney's fees on appeal.

Dated: February 14, 2008

**THE LAW OFFICES OF JAMES G. SCHWARTZ**
**A PROFESSIONAL CORPORATION**


   /s/ Joshua D. Brysk
Joshua D. Brysk, Esq.
Attorneys for Plaintiff/Appellee DON OBERLE

F:\Clients\Credit Line Financial\Don Oberle Bankruptcy\Disctrict Court - Appeals\Reply Brief for Appellee\Reply Brief for Appellee 02.14.08.doc

Law Offices of
JAMES G. SCHWARTZ
7901 Stoneridge Drive
Suite 401
Pleasanton, CA 94588
(925) 463-1073

**BRIEF FOR APPELLEE**

Page 4