United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DON OBERLE,

    Plaintiff/Appellee,

  v.

JEAN WHITLEY, et al.

    Defendants/Appellants.

No. C 07-04334 WHA

**ORDER AFFIRMING BANKRUPTCY COURT DECISION**

## INTRODUCTION

In this bankruptcy appeal, defendants-appellants seek to reverse the bankruptcy court's award of attorney's fees. This order finds that the bankruptcy court did not abuse its discretion in awarding attorney's fees. Accordingly, the decision of the bankruptcy court is **AFFIRMED**.

## STATEMENT

In 2006, appellants filed an involuntary bankruptcy petition against appellee Don Oberle, who in turn filed an adversary proceeding against appellants for damages in the amount of $307,488, including attorney's fees. The bankruptcy court dismissed the involuntary petition and appellants defaulted to the adversary complaint. Judgment was then entered against appellants for the adversary proceeding even though appellants were found to have appeared in the action. Pursuant to FRCP 55(b)(2), the bankruptcy court then held a default hearing to determine damages given the large sum requested by Oberle. At the hearing, the bankruptcy court heard testimony by Oberle regarding consequential and punitive damages, but did not give appellants an opportunity to cross-examine Oberle. The bankruptcy court then issued a ruling

*denying* Oberle recovery of any punitive and consequential damages but granting attorney's fees in the amount of $7,480 for defense of the involuntary petition, and reducing Oberle's request for attorney's fees from $11,694.77 to $2,500 for prosecution of the adversary proceeding. Appellants now appeal the bankruptcy court's award of attorney's fees on the ground that they were not given an opportunity to confront and cross-examine all adverse witnesses.

## ANALYSIS

A bankruptcy court's decision to award attorney's fees is reviewed for abuse of discretion or erroneous application of the law. Findings of fact are reviewed under a clearly erroneous standard, and findings of law are reviewed de novo. Accordingly, a bankruptcy court's award of attorney's fees will not be disturbed "unless the bankruptcy court abused its discretion or erroneously applied the law." *Higgins v. Vortex Fishing Systems, Inc.*, 379 F.3d 701, 705 (9th Cir. 2004) (internal citations omitted).

A formal hearing to determine attorney's fees in the case of default is not required in every case. Under FRCP 55(b)(2) (emphasis added):

> If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may* conduct such hearings or order such references as it deems necessary and proper . . . ."

A court may base its judgment entirely on affidavits or declarations submitted by the plaintiff or a defaulting defendant who has appeared in the action. *See Davis v. Fendler*, 650 F.2d 1154, 1161–62 (9th Cir. 1981). This decision is within the sole discretion of the court.

The bankruptcy court's award of attorney's fees was not an abuse of discretion. The bankruptcy court was under no obligation to hold a default hearing to determine attorney's fees, at least for amounts as small as those awarded here. The decision by the bankruptcy court to deny all damages and award attorney's fees indicates that the bankruptcy court only used Oberle's testimony to deny consequential and punitive damages, not in the determination of attorney's fees. The bankruptcy court relied solely on the declarations submitted by Oberle in

2

arriving at what it determined was a reasonable award for attorney's fees (Opn. 5). There is no indication that Oberle's testimony at the hearing was used at all in the calculus of arriving at the award. As the bankruptcy court held (Opn. 5):

> As to the amount, Oberle incurred attorney's fees . . . in the sum of $7,480. Oberle incurred these fees in defending the ill-grounded involuntary peition. The amount appears reasonable, and the court will include this amount in the award.

The bankruptcy court went on to find Oberle's request for fees in the amount of $11,694.77 for prosecution of the adversary proceeding excessive given the amount of time spent and preparation required by counsel. Reduced attorney's fees in the sum of $2,500 were awarded based on what the bankruptcy found to be reasonable (Opn. 6). Appellants were given ample notice and opportunity to file their own declarations and opposition to any amount awarded. The bankruptcy court did not abuse its discretion in choosing to rely on the declarations submitted by Oberle and its own judgment in arriving at what it found to be a reasonable amount.

**CONCLUSION**

For the above-stated reasons, the bankruptcy court's decision to award attorney's fees is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: February 27, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3